*Third Amended Complaint*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

*Prophet Paulcin* ,

Inmate ID Number: *W11537* ,

*(Write your full name and inmate ID
number.)*

Case No.: *4:22-cv-00313-MW/MAF*
*(To be filled in by the Clerk's Office)*

**v.**

*Ricky Dixon, Sec, Fla, Dept
of Corr, et al,* ,

**Jury Trial Requested?**
☒ **YES** ☐ **NO**

_____ ,

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

_____ /

FILED USDC FLND TL
SEP 25 '23 PM3:07

NDFL Pro Se 14 (Revised June 2022) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

1

# I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: _Prophet Paul Cib_    ID Number: _W11557_

List all other names by which you have been known: _N/A_


Current Institution: _Blackwater River C.F._

Address: _5914 Jeff Ates Rd milton, Fl 32583_


B. Defendant(s)

State the name of the Defendant, whether an individual, government agency,

organization, or corporation. For individual Defendants, identify the person's

official position or job title, and mailing address. Indicate the capacity in

which the Defendant is being sued. Do this for **each and every** Defendant:

1. Defendant's Name: _Ricky Dixon,_

   Official Position: _Secretary FLA Depb OF. Corr,_

   Employed at: _Tallahassee_

   Mailing Address: _501 S. Calhoun St Tallahassee, Fl 32399_


   ☑ Sued in Individual Capacity        ☑ Sued in Official Capacity

2. Defendant's Name: _M. R. Marchant_

Official Position: _Senior Classification Officer_

Employed at: _Tallahassee_

Mailing Address: _____

☑ Sued in Individual Capacity        ☑ Sued in Official Capacity

3. Defendant's Name: _J. A. Chan_

Official Position: _Sgt._

Employed at: _Wakulla CI Annex_

Mailing Address: _501 S. Calhoun Street, FL 32399_

☑ Sued in Individual Capacity        ☑ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.



~~4. Defendants Name: S. Starr~~
~~Official Position: classification officer~~
Employed at: Wakulla C.I.-Annex
mailing address: 110 melaleuca Dr. crawfordville,
FL 32327

5. Defendant's Name: R.R. Tetreault
Official Position: captain
Employed at: Wakulla C.I.-Annex
mailing address: 110 melaleuca Dr. crawfordville,
FL 32327

6. Defendant's Name: E. olds
Official Position: Lieutenant
Employed at: Wakulla C.I.-Annex
Mailing address: 110 melaleuca Dr. crawfordville,
FL 32327

7. Defendant's Name: M. Ethridge
Official Position: Sergeant
Employed at: Wakulla C.I. Annex
mailing address: 110 melaleuca Dr. crawfordville,
FL 32327

8.) Defendant's name: V.E Huggins
Official Position: sergeant
Employed at: Wakulla C.I.-Annex
mailing address: 110 melaleuca Dr. crawfordville,
FL 32327

9.) Defendant's name R. Gould
Official Position: State classification officer
employed at: Tallahassee
mailing Address: 501 S. Calhoun St. Tallahassee,
FL 32399

3.A.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☐ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee    ☐ Civilly Committed Detainee

☒ Convicted State Prisoner    ☐ Convicted Federal Prisoner

☐ Immigration Detainee    ☐ Other (*explain below*):

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the **facts** showing why you are entitled to relief. Describe how **each** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1) Plaintiff, is a physically small inmate with mental health disabilities and protection needs.

2) On August 30, 2018, plaintiff filed a third Amend complaint through court Appointed counsel in case # 2:17 CV-232-SPC-MRM for failure to protect against gang extortion, intimidation and staff violence

3) On or About Feb. 2018, As a result of said civil rights complaint against FDOC staff, plaintiff was placed on protective management unit and transferred to Wakulla C.I. Annex.

4) Wakulla Annex is designated As a protective management facility. Which houses prisoners whom Also have protection needs etc unit C.I. Annex Also houses prisoners whom have been victims of

**Statement of Facts Continued** (*Page* 1 *of* 13 )

to place plaintiff in administrative confinement under false allegations of extortion.

12) Defendant Huggins attempted to compel several prisoners to write false witness statements, that plaintiff was extorting money from them, so that she could use said evidence as a justification to have plaintiff expelled from the protection unit

13) On or about April, May, June, of 2020 plaintiff ~~appealed~~ ~~that~~ ~~the~~ ~~released by~~ was approached by several inmates on the p.m. unit who confessed to plaintiff that defendant Huggins had employed them to seriously maim or kill him. See Ex A.

14) On or about May of 2020, plaintiff was physically assaulted by an inmate employed by Sgt. Huggins

15) On or about March, April, May and June defendant Huggins engaged in a campaign of harassment against plaintiff by repeatedly reassigning plaintiff's housing next to known violent gang members whom she solicited to murder plaintiff.

16) Plaintiff exhausted all available remedies. Plaintiff requested a protection keep away for Sgt. Huggins, from the ICT team, defendants Marchant, Lloyd, Gould, and the prison warden. A semi incomplete investigation was conducted. Plaintiff was denied protection

6A

from the prison ICT team, from Sgt.
Huggins and certain inmates housed
at Columbia C.I. annex, were the threat to
plaintiff was coming from.

17.) On or about June 15, 2020, counsel for
plaintiff filed a preliminary injunction with
the U.S. District Court middle district of
Florida Ft. Myers Division, in case no. 2:17-cv-
232 SPL to prevent plaintiff transfer to Columbia
C.I. annex, where the threat to plaintiff is
was present. Plaintiff also, through court
injunction, and counsel, informed each
defendant via in person or writing that
defendant Huggins was actively attempting
to solicit my murder from/other inmates
See EX. B.

18.) Upon information and belief, defendant
Huggins transferred plaintiff on purposely
with other actors, to columbia annex so
that plaintiff would be killed. Each defendant
knew of the risk posed to Paul G.W.'s life by
defendant Huggins, and each defendant knew
of the serious danger posed to Paul G.W.'s
life, if he was removed from the P.M. unit
and transferred to columbia annex. Defendants
deliberately failed to act and reasonably on
the evidence given to them by plaintiff
concerning the threat posed to his safety
by defendant Huggins, old Lloyd, and an
negative transfer to columbia C.I. annex

6B.

19.) On, or about June 17, 2022 Poulain was transferred to columbia C.I- without the requested or required protection needs.

20.) On June 21, 2022, plaintiff was stabbed in the back with a knife at columbia C.I. Annex

21.) Plaintiff was taken to the hospital with life threatening injuries and diagnosed with lung contusion. see Ex.C

22.) On March 31, 2022, plaintiff was transferred back to wakulla Annex for Protection needs

23.) On March 30, 2022, defendant Huggins Approached plaintiff in an aggressive manner Accompanied by defendant J.D. chung and stated, that "this is the bitch I was telling you About mrs. chung. We need to get rid of him Alsa. Defendant Huggins, threatened plaintiff, that she has a long memory and will retaliate on Poulain, for Poulain to watch, his Back.

24.) Defendant chung, informed plaintiff on March 30, 2022, to pack his property he was going to ship, that she would think of some reason.

25.) Defendants chung and Huggins have A long history of Allegations against them by numerous of other Prisoners, for unauthorized sexual and inappropriate relationship with inmates bringing in drugs. Placing hits on Prisoners. see Ex. D.

26.) Despite these long history of Allegations

against both defendants Huggins and Chun defendant Warden cities, Gould and Dixon has a statutory and constitutional obligation to remove / any staff from any contact with inmates and plaintiff when they have reason to believe or if allegations are made against staff, they have an obligation to remove the staff from the inmate's presence or take other necessary safe measures to protect the inmate against the staff, whom the inmate requested protection from.

27.) I requested protection from staff at Everglades I requested and was denied protection from being transfered to Columbia C.I. Annex. Defendant conducted a sham investigation into my protection request. As a direct result of said sham investigation by defendants, plaintiff was attacked and injured by the perpetrators, whom defendant requested protection from by defendants.

28.) On or about April 07, 2022, I was called out to a corner by defendant Huggins, Chun and Olds, and told that they had another inmate who they had employed to kill me, to watch my back. They had placed a bounty on my life.

29.) On April 16, 2022, while walking back from single dose medication, unescorted by security

6d.

plaintiff was attacked by another prisoner
whom provided evidence, that defendants
Huggins, Olds, and chunn had employed
him to kill me. Said inmate was permitted
by security staff on purpose to hide in
the recreational bathroom, to await
plaintiff's return and attack plaintiff.
30.) Plaintiff was attacked by another
prisoner from a different dorm.
31.) Plaintiff who was housed in M.2 at
said time And the assailant who was
housed in L-dorm At said time was
absolutely not, And should have not been
permitted to cross path.
32.) Prisoners in both protection dorms
are prohibited from mixing with eachotherdue

6E.

9/15

their protection needs and various special reviews amongst eachother.

33) Defendants E Thridge and Tetreault was responsible for supervising and monitoring the coming and going of both dorms and P.M. Prisoners.

34) Defendants E Thridge and Tetreault was aware that extra cautions are to be taken to protect P.M. Prisoners and to keep both L-dorm and M-dorm Prisoners apart from eachother at all times.

35) Defendant E Thridge and Tetreault through deliberate indifference permitted L-dorm Prisoners to exist their dormatory for single dose medication without monitoring said Prisoners or adequate supervision of said Prisoners, Prior to the defendants compelling plaintiff to enter through the gates.

36) Both plaintiff and the assailant was unaccompanied by security to prevent the attack.

37) Defendant E Thridge was sitting under K-dorm Pavillion, failing to monitor or escort said Prisoners, when Prisoner Mark Smith DC# E29305 rose from his hiding and was permitted to run about fifteen feet towards plaintiff, threaten to kill him and Attack him unprovoked.

38) The attack of plaintiff by mark smith was captured on video footage.

39) Plaintiff sustained injuries to the right orbital area of his face. Abrasion to the second digit of his left hand and soreness and stiffness to his back and neck.

 6F

10/15

40.) Upon information and belief, prisoner smith was employed by Huggins and chunn to kill plaintiff. See EX. F

41.) Defendant Ethridge and capt. Tetreault exhibited a complete disregard towards plaintiff's safety. By failing to follow safety policy. And monitoring and ~~supervising~~ supervising said prisoners to keep them separate.

52.) Defendant Tetreault also ~~add~~ submitted inaccurate and false reports to cover up the prison staff (reckless disregard towards plaintiff's safety and to protect staff Ethridge employment.

43.) plaintiff immediately filed grievances and submitted complaints concerning the reckless disregard toward his safety by defendant Tetreault and Ethridge. And the imminent threat posed to his life by staff employing other prisoners to kill him.

44.) On May 17, 2022, plaintiff was referred for C.M. by defendant Castano whom conspired with defendant Huggins, ~~an~~ chunn, and olds to recommend plaintiff for C.M. for exercing his right to petition his government for redress of grievances. see EX. E

45) The recommendation for C.M. by defendants supports plaintiff's position, that the recommen—dation was in retaliation for plaintiff exercing his first amendment rights. Defendant castano did inform plaintiff that olds, chunn, and Huggins influenced her to recommend plaintiff for C.m. Witnessed by another inmate.

6G

46.) The recommendation was completely without merits, facts, or evidence. Defendants Castano, olds, Chann, and Huggins conspired to concoct false charges against me, for the purpose to punish, retaliate, harass, and violate my rights.

47.) Defendants placed plaintiff in Alc conf. pending c.m. reassignment from may 05, through June 07, 2022, causing plaintiff to suffer emotional distress And psychological torture

48.) After releasing the Assailant Monte Smith with only canteen suspension and receiving notice that plaintiff was pursuing a civil rights complaint against all parties involved in the deprivation of Paulin's rights, see Ex.G

49.) Defendants removed Ian Smith from the compound on false reports that he defeated a locking device on on the day of the attack. Inorder to absolve defendants of guilt for employing him Defendants acted with an absolutely reckless disregard for plaintiffs safety. And attempted to cover up the crime And real facts of the case.

50.) Secretary of FDOC has failed to adequately supervise And monitor its employees At WCI/CI annex when it knows that said facility houses extremely vulnerable prisoners whom suffer intellectual and physical disabilities And whom warrant special protection needs And Are vulnerable to staff and prisoners Attacks and threats, coercion, And Abuse.

6h.

12/15

51.) Secretary of FDOC has failed to adequately supervise and monitor its employees at wak.c.I. Annex when it knows that said facility houses extremely vulnerable prisoners whom suffer intellectual and physical disabilities and whom warrant special protection needs and are vulnerable to staff and prisoners threats, coercion, and abuse.

52.) Defendants' Huggins and chunn continue to plan and scheme on varies methods to retaliate against plaintiff in order to have plaintiff recommended for c.m. or involuntary removed from the p.m. unit or killed by gang members awaiting plaintiff's return to general population so they can kill him. see Ex. D, F, G, and H.

53.) Plaintiff continues to be exposed to conditions of confinement that subjects him to imminent danger of serious physical injuries or death. Plaintiff is in fear of his safety from defendants chunn and Huggins. And is in fear of being transferred to columbia c.I. Annex p.m. unit.

54.) Each defendant acting with deliberate indifference exposed plaintiff to a sufficient substantial risk of serious damage to his future health and safety.

55.) Secretary of FDOC, having employed counsel to act and represent his interest in civil case No.: 2:17-cv-232-spc-mRM was sufficiently placed on notice of a threat to plaintiff's safety by specific staff at wakulla c.I. Annex p.m. unit on June 12, 2020



6.

55.) during the taking of plaintiff's deposition by counsel James V. cook

56.) The secretary of Fdac failed to act reasonable or effectively and sincerely investigate the specific threat posed to plaintiff's safety and health at wakulla Annex P.M. unit and columbia P.M. unit

57.) Defendant Tetreault failed to adequately supervise his staff discipline and/or monitor his staff. when escorting P.M. vulnerable inmates to receive their medication.

58.) On July 29 2022, plaintiff was falsely accused by defendant sgt. chunn of being under the influence of synthetic drugs. K-2 and written several bogus D/R's by chunn. see Exit.

59.) Prisoners in Piotrowski's dorm witnessed chunn fabricate said drug Evaluation of me

60.) as a false pretence to retaliate Against me

61.) plaintiff was escorted by chunn to medical for pre-confinement.

62.) The duty nurse witnessed plaintiff's behavior and did not observe Piotrowski to be under the influence and documented such.

63.) After experiencing intense anxiety and fear of imminent death plaintiff cut his veins between the crook of his elbow with a homemade razor blade-

67.

64.) Defendant chunn, called defendants Huggins and stolds to assist her.

65.) Plaintiff believing defendant had a plan to kill him. And being in fear of his safety. Paulcin refuse to come out for said defendants.

66. Plaintiff was written numerous bogus D.R's against him by defendants as reprisal

66.) each defendant is being sued in their individual and official capacity.

67.) In December of 2022, Paulcin was again harassed, retaliated against and threatened with death by defendant, chunn, Huggins, and olds.

68.) On December of 2022, Paulcin was placed in confinement by defendants Explicitly told by the colonel, Huggins, chunn, and olds, that if I did not sign off the P.M. unit and waive my Protection rights they would conroct false, serious charges against me, and forcefully removed from P.M status.

69.) Fearing for my safety and life, I under ~~coerc~~ duress and coercion waive my Protection rights and forcefully signed off the P.M. unit.

70.) In March of 2023, I was recommended for c.m based on false allegations by defendants chunn Huggins, olds, and wakulla administration.

6K.

71.) IN march, 2023 Plaintiff was denied c.m reassignment And deemed by the I.C.T and defendants that protection was no longer warranted.

72.) Subsequently, Plaintiff was transferred to Blackwater C.F Prison.

73.) Blackwater Prison is a private Prison. Inmates are sent to Blackwater who are gang related, being released from c.m. or receiving a negative transfer.

74.) Blackwater Prison, is infested with staff corruption, gang violence, Rape, extortion, and assaults.

75.) There has been multi deaths over a deal dozen at Blackwater. But only one, Prosecution.

76.) Gang members here at Blackwater are permitted by staff to rape, assault, Rob, beat steal, and or kill other inmates.

77.) Violent gang members at Blackwater are permitted to beat the security locking device inorder to Attack other inmates.

78.) Inmates at Blackwater Prison, are employed by staff to harm each other. Weapons are ~~easily the~~ easily fashioned from materials that violent gang members are permitted to break down and tear apart the Prison's buildings to receive and make the knives and materials from.

79.) Since arriving here, plaintiff has been the victim of Assault and extortion.

6L.

79.) The administration has been placed on notice of the imminent threat to plaintiff's safety.

80.) Plaintiff has been compelled to pay for protection from gang members. Plaintiff fears for his safety. There are constant and repeated incidents of violence. Plaintiff has requested for a protection transfer and was denied.

81.) Plaintiff has notified the Administration of the threat posed to his safety. The Administration has refused to provide protection to plaintiff as a right and not a priviledge.

82.) Plaintiff has witnessed staff here pay inmates drugs to harm eachother. The Administration has turned a blind eye to plaintiff's Protection needs, and the safety of each prisoner at Blackwater.

83.) Plaintiff has notified the administration on request, grievances, emails, and third party contact of illegal drugs and weapons being brought into the prison via drone and staff. Inmates are permitted to fly drones and drop drugs and weapons off inside of the backdoor of the prison.

84.) Plaintiff has been threatened with death and request the protection transfer

6M

15/15

85) Plaintiff is being subjected to a substantial risk of serious harm. And remains in imminent danger of death

86) Plaintiff is posed to be transfered back to wakulla C.I-Annex under the authority and supervision of the same defendants mentioned herein. And or posed to be transferred back to columbia C.I. Annex P.m. Unit. where in there remains an active bounty on plaintiffs life. Moreover, the perpetrator(s) responsible for stabbing plaintiff or placing the hit on plaintiff was not identified. And the Department I.C.T found plaintiff to have a history of assaults, and transfered plaintiff from columbia-annex had unconstitutionally reassigned plaintiff to c.m. for protection needs.

87) At all material times mentioned herein each defendant acted under color of state law, within the course and scope of their employment.

Plaintiff currently is at risk of imminent death. Plaintiff is classified as transgender Plaintiff is currently assigned to a cell with a known violent gang member of the Latin kings. If plaintiff's identity is truely revealed plaintiff will be immediately killed. Plaintiff has notified the authorities no corrective action has been taken. Plaintiff requested for a transfer and to be moved to a safer dorm and cell. Gangs are permited with impunity to attack the gays, transgender, and other LLGBTQ members at Blackwater prison.

6N

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1.) Failure to protect under 42 U.S.C § 1983 (Ricky Dixon) injunctive relief, cruel and unusual punishing conditions of confinement.

98) Plaintiff is entitled to declaratory and injunctive relief against defendant Ricky Dixon, in his official capacity for A

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

a. Declaratory and injunctive relief as to defendant Dixon, as secretary, finding him in violation of the constitution and laws cited and requiring him to provide the protection, care, and accommodations to which plaintiff is entitled.

= STATEMENT OF CLAIMS =

systematic failure through his agents and
employees (staff) to protect plaintiff in violation of
the eighth amendment to the U.S. constitution, as
further set out in the common allegations of facts,
and as follows:

a: Defendant Dixon is liable to plaintiff because
Dixon failed as secretary of FDOC to screen, train,
supervise, discipline, monitor, and or terminate
Huggins, Chunn, Castano, Gould, Olds, Tetreault,
Marchant, Lloyd, and Ethridge. Because he acquiese,
in, condoned and ratified their behavior at
Wakulla C.I. Annex Protective Management Unit.

b. Plaintiff has routinely been exposed to attacks
by gang members, violent inmates, and correction
staff. And Sexual harassment by staff.

c. Plaintiff has been repeatedly placed under the
supervision of correction staff whom have previously
engaged in romantic relationship with plaintiff and/or
other prisoners. And who have consistently retaliated
against plaintiff and solicited other prisoners to kill
plaintiff.

d. Defendant Dixon was placed on adequate notice
of a specific threat posed to plaintiff's future
health and safety. Defendant failed to act
reasonably to abate that ~~threat~~ risk

11. Failure To protect, cruel and unusual
punishing conditions of confinement. 42 U.S.C §
1983 (Gould Marchant, Lloyd, Olds, and Huggins

7A.

89.) Plaintiff is entitled to relief against defendants Gould, Marchant, Lloyd, Olds, and Huggins for failure to protect plaintiff and creating cruel and unusual punishing conditions of his confinement in violation of the eighth amendment to the U.S. constitution, as further set out in the common allegations of facts and as follows.

a. Plaintiff has routinely been exposed to attacks by gang members, violent prisoners, and correction staff.

b. Defendants Marchant, Gould, Lloyd, and Huggins were aware of the risk of serious harm to plaintiff's safety by corrections staff at Wakulla C.I.-Annex and the risk posed to plaintiff's safety by other prisoners if transferred to Columbia C.I.-Annex P.M. unit and failed to act reasonably to abate the risk.

c. Defendants Gould, Marchant, and Olds were aware of corrections staff at Wakulla C.I.-Annex engaging in unauthorized sexual relationship with prisoners on the P.M. unit and were aware of the risk posed to prisoners safety when they reported corrections staff unwanted sexual advances or sought to terminate unauthorized romantic relationships.

d. Defendants Gould, Marchant, Olds, and Lloyd knew Huggins had a reputation for soliciting romantic relationships with prisoners and/or soliciting other prisoners to injure other prisoners in retaliation for complaints against her.

7B.

e. Defendants Gould, Marchant, Lloyd, and Olds were aware that plaintiff at whom warranted special protection needs was being confined under conditions posing a substantial and serious risk of harm to his safety and failed to correct said conditions.

90. As a proximate result of defendants denial of adequate protection and confining plaintiff under cruel and unusual conditions posing a serious risk to his safety, plaintiff has suffered significant physical injuries, mental distress, humiliation, and pain, and will continue to suffer such injuries in the future.

111. FAILURE TO PROTECT, and cruel AND UNUSUAL TREATMENT, 42 U.S.C § 1983.

91. Plaintiff is entitled to relief against defendants Ethridge and Tetreault for failure to protect and deliberate indifference towards - plaintiff's safety needs. In violation of the eighth amendment to the U.S. constitution, as further set out in the common allegations of facts and as follows.

a. Plaintiff has routinely been exposed to attacks by gang members, violent prisoners, and correction staff.

b. Defendants Ethridge and Tetreault were aware of the risk of serious harm to plaintiff's safety by ex-gang members and or violent prisoners on the P.M. unit and failed to act reasonably to abate the risk. However, defendants did facilitate the risk of serious

7C.

harm to plaintiff's safety by with deliberate indifference
c. Defendants were aware that prisoners at wak.annex
p.m. unit required special protection needs from non-p.m,
and P.M. Prisoners alike.
d. Defendants were aware that prisoners in both
protection dorms (L & m) had protection needs and
special reviews against eachother. And were required as
a matter of policy to be kept apart between a physical
barrier,
e. Defendants were aware that P.M. prisoners are to be
escorted at all times upon existing their dorms.
F. As Aproximate result of defendants deliberate
indifference towards plaintiff safety and failure to
properly monitor and supervise P.M. Prisoners when
existing their dormitory. Plaintiff has suffered
significant physical injuries, mental distress,
humiliation, and pain and will continue to suffer
such injuries in the future
IV. Infliction of cruel and unusual Punishment,
42 U.S.C § 1983
92. Plaintiff is entitled to relief against defendants
Chunn and Huggins for inflicting cruel and unusual
treatment on plaintiff. Attempting to solicit his murder,
and waging a relentless campaign of sexual
harassment, retaliation, and harassment against
plaintiff. In violation of the ban against against
cruel and unusual punishment, to the U.S.
constitution. as further set out in the common
allegations of facts and as follows.
a. plaintiff has routinely been exposed to attacks

70.

by gang members, violent prisoners, and correction staff.

b. Defendant Huggins deliberately seduced plaintiff into a romantic relationship with her. Upon termination of that relationship, defendant was aware that sexual harassment of plaintiff and attempts to solicit plaintiff's murder posed a serious threat to his health and safety.

c. Defendants Huggins and Chuun knew by soliciting other prisoners to harm or murder plaintiff will cause him grave injury or death. And did cause him injury.

d. Defendants knew that their persistent campaign of sexual harassment and or harassment of plaintiff violated the ban against cruel and unusual punishment.

93. As a proximate result of defendants cruel and unusual treatment of plaintiff. Plaintiff has suffered significant physical injuries, mental distress, humiliation, and pain, And will continue to suffer such injuries in the future.

V. Retaliation for petitioning the government for redress of grievance and or filing legitimate complaints against staff. 42 U.S.C. § 1983

94. Plaintiff is entitled to relief against defendants Chuun and Huggins for retaliatory actions against plaintiff for petitioning his government for redress of grievances, and or making complaints against them. And refusing sexual advances

7e.

by staff. In violation of plaintiff's rights under the first amendment to the U.S. constitution, as further set out in the common allegations of facts and as follows;

a. plaintiff has routinely been exposed to attacks by gang members, violent prisoners, and correction staff.

b. Defendants chun and Huggins has routinely retaliated against plaintiff for exercising his right to petition the government for redress of grievance and or making complaints against them.

c. Defendants have submitted multiple false reports and written bogus disciplinary reports against plaintiff on several occasions.

d. Defendants have placed plaintiff in confinement and attempted on multiple occassions to reassign him to close management without any penological justification.

e. Defendants have conspired and persuaded prisoners and staff to harm and retaliate against plaintiff infringing upon his rights.

f. As a proximate result of defendants retaliatory actions towards plaintiff legitimate exercise of his first amendment right. Plaintiff has suffered significant physical injuries, mental distress, humiliation, and pain. And will continue to suffer such injuries in the future.

VI. Conspiracy to deprive plaintiff of his right to due process of law; 42 U.S.C. § 1983

93. Plaintiff is entitled to to relief against

7A.

defendants chunn, Huggins, olds, and castano
for their colluded attempts to reassign plaintiff
to c.m. based on inaccurate and false reports.
In violation of the fourteenth amendment to the
u.s. constitution, as further set out in the common
allegations of facts and as follows.

a. Plaintiff has routinely been exposed to attacks
by gang members, violent prisoners, and correction
staff.

b. Defendant chunn and Huggins conspired to solicit
prisoner mark smith to kill plaintiff.

c. Prisoner mark smith attack against plaintiff
subsequently resulted in both plaintiff and mr. smith
being released from D'R court with only canteen
suspencion.

d. Defendant chunn and Huggins learned that plaintiff
had uncovered their plot in soliciting mr. smith to
kill him, conspired with Lieutenant olds and classification
staff castano to recommend plaintiff for c.m.

e. Defendants learned that plaintiff was in communication
with his attorney, and was preparing to file a civil rights
action against them, placed plaintiff back in confinement
two weeks later, after initially releasing him, pending
c.m. review on evidence defendants themselves
manufactured.

f. Defendant castano communicated to plaintiff while in
her office during an attorney call, in the presence of
another inmate witness, that she was compelled by
chunn, Huggins, and olds to recommend plaintiff
for c.m. based on the ~~information~~ false information

7g.

provided to her by defendants

94 As a proximate result of defendants denial of plaintiff right to due process of law and collusion and or conspiracy. Plaintiff has suffered significant injuries, mental health distress, humiliation, and pain. And will continue to suffer such injuries in the future.

VII. Conspiracy To deprive Plaintiff of his right to due process of law, 42 u.s. c § 1983

95. Plaintiff is entitled to relief against defendants Gould, Huggins, marchant, Lloyd, and olds for conspiring to deny plaintiff adequate protection and from a credible, substantial threat to his health and safety at present at columbia c.I. annex p.m unit. In order to transfer plaintiff from wakulla to columbia p.m. unit. In violation of the fourteenth amendment to the u.s. constitution, as further set out in the common allegations of facts and as follows.

a. plaintiff has routinely been exposed to attacks by gang members, violent prisoners, and correction staff.

b. Defendants entered into an unlawful agreement to transfer plaintiff in retaliation for complaining about Huggins, and exposing their prior relationship, and also requesting a special review against her

c. Defendants Gould deliberately disregarded credible reports of a threat posed to plaintiff's safety at columbia, c.I. Annex in making the decision to transfer plaintiff against FDOC Policy.

d. Defendant marchant deliberately derailed and or

7h.

failed to admit evidence into the record or consider
the same in making the decision to transfer plaintiff

e. Defendants Olds and Lloyd fabricated evidence
and/or suppressed exonerating evidence which would
of have potentially resulted in appropriate
disciplinary actions against Huggins

f. Defendants conspired with each other, so that plaintiff
and not defendant Huggins would be transferred from
Wakulla C.I.-Annex

96 7. As a proximate result of defendants denial of
plaintiff right to due process of law. plaintiff has
suffered significant physical injuries, mental health
distress, humiliation, and pain. and will continue to
suffer such injuries in the future.

71.

= PRAYER FOR RELIEF =

b. plaintiff will not be returned to columbia C.I-Annex P.m. unit

c. plaintiff will not be returned to the care or supervision of defendants Huggins and Chunn

d. A preliminary order for injunctive relief against all named defendants to cease their illegal conduct against plaintiff

e. compensatory, punitive, and nominal damages against each named defendant.

f. Appointment of counsel

g. A trial by Jury,

h. And any other relief deemed proper, just, and equitable.

7j

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII. PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☑ YES   ☐ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: 8/6/09          Case #: ~~2014 ft~~ 3:08 cv-00528-MV-EMT

   Court: N. Dist.

2. Date: 2009          Case #: 3:09 cv 493/LAC/CSK

   Court: N. Dist.

3. Date: 2012          Case #: 3:12 cv-00516-BSO-PDB

   Court: middle Dist.

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☑ YES ☐ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: 2021 CA 1100   Parties: Dept of Corr.

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

Plaintiff admits to having three or more strike, but have had FDOC louse his personal property and legal papers over the years. So the information required is no longer in plaintiffs possession.

B. Have you filed other lawsuits in either state or federal court dealing with the same facts or issue involved in this case?

1.) Case# 2:17-cv-232-spc-mnm  2.) secretary of FDOC, et al,

3.) middle district of Florida Ft. myers division. 4.) Still pending

C. Have you filed any other lawsuits in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

Plaintiff admits to filing at least two federal Habeas corpus challenging his State conviction.

Plaintiff admits to filing multiple lawsuits in federal court, challenging the conditions of his confinement. But does not have access to said documents by his possession. Due to FDOC loosing his personal property and legal purpose papers. Plaintiff reserves the right to amend or supplement the answers to each questions in paragraphs A, B, and C should such documents been be made available and if necessary at a later date. Plaintiff again, admits to having three prior lawsuits dismissed as maliciously, failure to state a claim, or frivolous.

D. 1.) case# 2022-cf-0158  2) FDOC  3.) 2nd Jud.cir. wak.cou F12) Pending

2.) Case# 2022cf00203 12.) Rick Dixon, FDOC  3) 2nd Jud.cir. leon Ca. Pending.

9a.

Court: _3rd Jud. Cir. Suwannee_  Judge: _Do not know, Never responded_

Date Filed: _6/2/21_  Dismissal Date *(if not pending)*: _Pending_

Reason: _Habeas corpus challenge Placement in C.m_

2.  Case #: _4:20-CV-470-ws-mst_  Parties: _Mark S. Inch_

Court: _U.s northern Dist Tall/Div._  Judge: _Michael J. Frank_

Date Filed: _2020_  Dismissal Date *(if not pending)*: _Nov. 4, 2020_

Reason: _Malicious, I believe_

C.  Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☑YES  ☐ NO

If you answered yes, identify all lawsuits:

1.  Case #: _2:17cv-232-ftc_  Parties: _Secretary DOC, Et al,_

Court: _middle Dist. Ft myers Div_  Judge: _John L. Badalamenti_

Date Filed: _2017_  Dismissal Date *(if not pending)*: _Pending_

Reason: _Eight Amended violation_

2.  Case #: _3:12-cv-vv516_  Parties: _Michael a vews, et al_

Court: _middle Dist. Jacksonville_  Judge: _Do not have documents._

Date Filed: _2012_  Dismissal Date *(if not pending)*: _Settlement_

Reason: _Sexual abuse_

3.  Case #: _2:17-cv-232_  Parties: _Julie Jones, et al,_

Court: _southern Dist/Alabma_     Judge: _Cecila M. Altunga A_

Date Filed: _7/6/17_     Dismissal Date *(if not pending)*: _8/24/17_

Reason: _Inadequate mental Health treatment_

4. Case #: _3:15-CV-76-mcr-cas_ Parties: _Sec. FDOC_

   Court: _N. Dist F/A_     Judge: _Gary R. Jones_

   Date Filed: _2015_     Dismissal Date *(if not pending)*: _Don't recall_

   Reason: _State court conviction_

5. Case #: _Do Not Have paper_ Parties: _Do Not Have legal Papers_

   Court: _____     Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _Do Not Have legal Papers FDOC loss My Property_

6. Case #: _Yes_     Parties: _Yes_

   Court: _____     Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _Do Not Have legal Papers FDOC loss personal property_

   *(Attach additional pages as necessary to list all cases. **Failure to***

   ***disclose all prior cases may result in the dismissal of this case.)***

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 9/21/23 Plaintiff's Signature: _____

Printed Name of Plaintiff: _Prophet Baylon_

Correctional Institution: _Blackwater CF_

Address: _5914 Jeff Ates Rd. Milton_

_Fl 32583_

**I certify and declare, under penalty of perjury, that this complaint was (check one)** ☒ **delivered to prison officials for mailing or** ☐ **deposited in**

the prison's mail system for mailing on the ___21___ day of ___September___ 20 _23_.


Signature of Incarcerated Plaintiff: _____



MR. PROPHET PAULCIN DC# W115317
BLACK WATER C.F.
5914 Jeff Ates Rd. Milton,
FL 32583

FIRST-CLASS MAIL
IMI
$002.79
09/22/2023 ZIP 32503
043M31205432

SEP 22 2023

UNITED STATES DISTRICT
COURT
NORTHERN DISTRICT OF FLORIDA
Office of The Clerk
111 North Adams Street, Suite 322
TAllahassee, FL 32301