

PROVIDED TO APALACHEE
CORRECTIONAL INSTITUTION
ON *2-16-24*
FOR MAILING
*KW*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

*FOURTH AMENDED*

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

_PROPHET PAULCIN_ ,

Inmate ID Number: _W11537_ ,

*(Write your full name and inmate ID number.)*

**v.**

_SGT. J. CHUNN_ ,
_SGT. V. HUGGINS et al_ ,

_____ ,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

_____ /

**Case No.:** _4:22CV313-MW-MAF_
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ **YES** ☐ **NO**

Sgt A Thomas
2/15/24
PROVIDED TO APALACHEE
CORRECTIONAL INSTITUTION
ON *2-15-24*
FOR MAILING

FILED USDC FLND TL
FEB 22 '24 PH 2:42
SJB

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: _PROPHET PAULCIN_   ID Number: _WII537_

List all other names by which you have been known: _N/A_

Current Institution: _APAlAchee C.I   EAst UNIT_

Address: _35 APAlAchee DR, Sneads, FL 32460_

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: _J. CHunn_

   Official Position: _Sergeant_

   Employed at: _WAKullA C.I. Annex_

   Mailing Address: _110 melAleucA DR. CrAwfordville, FL 32327_

   ☒ Sued in Individual Capacity     ☐ Sued in Official Capacity

2. Defendant's Name: _V. Huggins_

Official Position: _Sergeant_

Employed at: _Wakulla C.I. Annex_

Mailing Address: _110 melaruca dr_

_crawfordville, FL 32327_

☑ Sued in Individual Capacity ☐ Sued in Official Capacity

3. Defendant's Name: _E. Olds_

Official Position: _Lieutenant_

Employed at: _Wakulla C.I. Annex_

Mailing Address: _110 melaleuca DR, crawfordville_

_FL 32327_

☑ Sued in Individual Capacity ☐ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☐ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee    ☐ Civilly Committed Detainee

☒ Convicted State Prisoner    ☐ Convicted Federal Prisoner

☐ Immigration Detainee    ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach

irrelevant or unnecessary exhibits. Facts not related to this same incident or

issue must be addressed in a separate civil rights complaint.

1. Plaintiff PROPHET PAULCIN, was placed on permanent Protective management (P.M.) at Wakulla C.I.-Annex in Feb. 2018.

2. Between June-October of 2018, Paulcin engaged in a romantic relationship with defendant Huggins.

3. Defendant Huggins learned Paulcin was bi-sexual and the relationship ended on sour terms.

4. Defendant Huggins begin threatening to have Paulcin killed and became very belligerent towards Paulcin and a woman's scorned.

5. Paulcin eventually transferred to close management (C.M.) until January of 2020.

6. In January of 2020, Paulcin was transferred back to Wakulla C.I.-Annex and defendant Huggins immediately begin harassing, threatening, and retaliating against Paulcin.

**Statement of Facts Continued** (*Page 2 of 18*)

7.) PAULCIN was the victim of a campaign of harrassment by defendant Huggins and olds commencing from Jan-June of 2020,

8.) Defendant Huggins purposely went over the shift OIC head in January of 2020 and had PAULCIN placed in AIC for trumped up charges of extortion

9.) Defendant Huggins attempted to bribe and/or coerce and intimidate several inmates on the P.m. unit to falsely allege PAULCIN was extorting them inorder to place PAULCIN on C.M.

10. PAULCIN was housed in AIC for over twenty days before he was cleared of all charges,

11. Defendant Huggins with the knowledge and consent of olds aid employeed multiple inmates all with cigaretts and drugs to assault and/or kill PAULCIN

12. On or about March of 2020, PAULCIN was assaulted in M-1 bathroom by an inmate whom Huggins employeed to assault me. See attached exhibits

30/12

13. Defendant Huggins and Lt. olds. continuoues reassigned Paulcin bunk housing next to known violent gang members. so that they could kill or assault Paulcin because Paulcin is classified as transgender

14. Paulcin was assaulted, intimidated, and placed in fear of his life on many occasions when his housing was reassigned next to known violent Anti-gay gang members

15. On or about may of 2020, Paulcing was reassigned housing over six times in one day by defendant Huggins and Olds.

16. Paulcin was placed on the P.m. unit due to multiple homicide attempts on his life by violent gang members that DOC knew Paulcin had A bounty on his life by gang members. see case No.: 2:17-cv-232-SPc-MRM

17. In Feb. of 2020, Paulcin begin to receive information which he shared with wakulla c.I. Annex classification And FDOC Attorneys. that there were inmates at columbia c.I. Annex whom placed a bounty on Paulcins life And that there was inmates on the P.m. unit at columbia c.I. Annex. who accepted the bounty and was going to kill Paulcin if he was transfered to columbia

18. In June of 2020, defendant Huggins And Lt. olds conspired to have Paulcin transfered to culumbia c.I. Annex

19. In June of 2020, Paulcin was the victim of a homocide attempt and suffered contusion to his lungs were he was stabbed in the back

20. In 2020, Paulcin was reassigned to c.m. and returned to wakulla c.I. Annex in April of 2022

6a

4 of 12

21. In Feb. of 2022 Paulcin was brought back to W/Hulla C.I-Annex. And as soon as Paulcin was observed by defendant Huggins ~~Callea~~ she pointed Paulcin out to defendant c hurn And stated that's the bitch I was telling you about. "we have to get rid of him she's a writ writer.

22. Several minutes later Defendant Huggins And churn attempted to get Paulcin placed in A1C. But their attempts were overrided ⊘ by the shift O.I.C

23. Defendant Huggins stated she quote "Got an inmate who was going to fuck you up" unquote to plaintiff ~~during ha~~.

24. Plaintiff was coming from an attorney visit ~~but which was conducted~~ in

25. April 16, 2022, Paulcin was attacked by another inmate on the A.m. unit from a different dorm on his way coming back from receiving his medication.

26. The inmate was purposely summoned, then out of the dorm. And allowed outside. By defendant Ethridge. The inmate was permitted to hide in the recreational yard bathroom awaiting for Paulcin to walk by and attack him.

27. Defendant Ethridge was present and knew the inmate was hiding in the rec. yard bathroom.

28. Defendant Ethridge purposely turned his back towards Paulcin and walked away and permitted the inmate to attack Paulcin.

29. Defendant Ethridge shares a close relationship with defendant churn, Huggins, and olds. And did conspire with defendants to orchestrate said attack

6 b.

5 of 12

with the perpetrator and said defendants

30. Defendant Ethridge was in charge of the security and protection of plaintiff during said attack and was solely responsible for allowing said attack to transpire, see exhibits

31. Paulcin suffered contusion and abrasions to his facial area, hands, and body. Muscle pain and nerve damage to his neck and lower back. Intense physical pain, migraine head. Intense fear of imminent death, anxiety, panic attack, mental and emotional distress.

32. Paulcin properly exhausted his administrative remedies and placed the prison warden on notice that the attack was deliberate and orchestrated by defendants.

33. Paulcin was placed in A/C due to said attack. Written a fighting D/R and both he and the perpetrator was released from confinement. +

34. The perpetrator confessed to Paulcin that defendants Huggins, chum, and olds employed him to attack Paulcin. And that defendant Ethridge was aware of said plot to attack Paulcin and permited said attack to transpire see exhibits

35. Paulcin wrote a letter to his then lawyer James V. Cook and communicated with his family on the prison phone concerning his safety, at Wakulla and defendants plot to have him killed.

36. Paulcin's letter and communication with his family was intercepted by each defendant and Paulcin was purposely retaliated against by each

6c.

defendant and placed in RMC for over thirty days and served c.m. papers for exercising his right to petition his government for redress of grievances.

37. Defendants chum, Huggins, olds, and Ethridge did conspire with Paulcin's classification officer to retaliate against Paulcin and purposely bring false charges against Paulcin. To reassign him to c.m. Defendants did manufacture evidence against Paulcin for the purpose of reassigning him to c.m. and in an attempt to have Paulcin expelled from the P.m. unit, see exhibits

38. Paulcin's c.m. recommendation was eventually denied by the I.C.T. and SCO.

39. Paulcin is in fear of his life and safety from each defendant.

40. Defendant Huggins, chum, ~~there there~~ and olds have threatened on numerous occasions to plant drugs in Paulcin's property or person or plant a weapon.

41. Defendants Huggins, ~~and~~ chum, and olds did conspire and retaliate on or about July 24, 2022 to kill Paulcin. And manufacture evidence that Paulcin attacked one of them in an attempt to justify the use of lethal force against Paulcin.

42. On July 24, 2022, defendant chum placed Paulcin in handcuffs and removed Paulcin from the dorm ~~door~~ for no penological reason. Defendant escorted Paulcin to medical for a pre-confinement.

43. During the escort defendant chum threatened that her, Huggins, and olds, were going to kill Paulcin

6d.

70410

44. Paulcin was written several false Disciplinary Reports by defendants Chunn and Olds in retaliation for exercising his first amendment rights.

45. Paulcin was written a DR by defendant Chunn for allegedly being high and spoken threats. Paulcin was also written several false DRs by defendant Olds. Each DR was subsequently dismissed or overturned in a separate judicial proceeding.

46. As a direct result of defendants campaign of harassment against Paulcin, and continuous efforts to employ other inmates to harm or kill Paulcin, Paulcin suffered a mental health breakdown in July of 2022 and attempted suicide by cutting the both veins between the crook of his elbows.

47. Paulcin submitted numerous of grievances to the prison administration seeking protection against defendants active solicitation of his murder to no avail.

48. On or about December of 2022 Defendants Chunn, Huggins, and Olds purposely conspired to again place Paulcin in AIC pending investigation for false charges of extortion, theft, and battery against another gang member.

49. Defendants attempted to threaten, induce, and coerced another inmate to make false allegations against Paulcin, of theft, extortion, and/or battery so that they could

6e

reassign Paulcin to c.m and expell him from the P.m. unit so that he could be placed in hams way in general population when each defendant knew Paulcin had a hit out on him by gang members and could not leave the P.m. unit.

50. Paulcin was written severa bogus DR's by defendants and again recommended for reassignment for C.M. in February of 2023.

51. Paulcin was ~~written~~ placed in Alc from December to March of 2022-2023. Due to defendants unconstitutional retaliation against Paulcin.

52. In Feb. or march of 2023, Paulcin was informed by the chief of security and classification supervisor at wakulla P.m unit, that they were growing tired of Paulcin's ~~and~~ ~~defendant~~ complaints against defendant and was aware of Paulcin's civil rights complaint against defendants. Paulcin was offered a deal to either be reassigned to c.m or to sign off the P.m. unit. In despair Paulcin, signed off the P.m. unit against his will and best interest

53. In March of 2023, Paulcin was denied c.m reassignment and discharged against his will from the P.m. unit.

54. Paulcin was written and found guilty of severa bogus DR's by defendant Chunn in other staff members whom defendants persuaded to retaliate against Paulcin on defendant's behalf

6 fi

9 of 12

55. In March of 2023, Paulcin was transferred from Wakulla P.M. unit to Geo, Blackwater C.F.

56. FDOC is aware that Blackwater C.F. was and is the most gang infested and dangerous facility in DOC or private run prisons.

57. Paulcin was purposely transferred to said prison at the behest of defendants who did influence the SCO to transfer Paulcin there.

58. DOC and defendants were aware that Paulcin was a vulnerable class of person and needed continuous protection and would be a victim of violence or death if transferred to Blackwater C.F.

59. Paulcin was the victim of abuse, extortion, violence, and homocide attempt while at Blackwater, see case no.: 3:23cv24711/LAC/ZCB for the Northern District, Pensacola Division.

60. In November of 2023, Paulcin after being the victim of another homocide attempt by violent gang members received a resolved protection transfer from Geo, Blackwater C.F. to N.W.F.R.C. m-u Washington N.N. unit C.I.

61. Paulcin was then transferred to R.M.C. for medical surgery and was reclassified by FDOC and again transferred to another one of the most gang infested violent prisons in FDOC Apalachee C.I.

62. Paulcin has again been victimized by violent

69.

10.04.12

gang members at A.C.I. and has been currently
denied A resolved Protection transfer

63. Wakulla C.I. warden and FDOC knew that
Defendants Chunn and Huggins was either
investigated on numerous occasions and or
discipline for inappropriate sexual relationships
with inmates. Bringing in drugs or illegal
contraband into the institutions.

64. Defendants Chunn, Huggins, and Olds, have
had numerous of complaints, law-suits, investigations,
and or disciplined for retaliation against inmates
for exercising a legitimate constitutional right
for falsifying reports against inmates or staff
and planting weapons, or drugs on inmates at
Wakulla P.M. Unit and other prisons And for
employing other inmates to harm each other.

65. Defendants Chunn, Huggins, Olds, and Ethridge
knew Paulcin was a mentally impaired inmate
And Paulcin had a state wide bounty on his life

66) Defendants knew, if Paulcin was
involuntary discharged from the P.M. unit he
would be harmed or killed by violent gang members

67.) Since Paulcin's involuntary coercion from the
P.M. Unit he has been the victim of multiple
gang extortion and violence. And FDOC has
failed to provide the necessary protection and
safety to Paulcin since his discharged from the
P.M. Unit

68. Because Defendants Chunn, Huggins, Olds, and

64.

Ethridge has written Paulcin numerous of bogus DRs defendants have purposely negatively affected Paulcin's disciplinary history and classification and housing status. resulting in Paulcin being denied an opportunity to be transferred to a safe facility. receive positive adjustment transfers and to be the beneficiary of positive programs established by DOC for inmates with no DR history for two years. such as being considered and transferred to an incentive facility. which is going violence free.

69. Paulcin is in imminent danger of great bodily harm. And is currently in A/C pending protective needs.

70. Paulcin has been denied his request to be reassigned back to the P.m unit and or to be provided the necessary protection by FDOC from gang or staff, or inmate on inmate violence

71. Defendants Chunn, Huggins, olds, and Ethridge remain at Wakulla C.I- annex and is the sole reason Paulcin suffered the foregoing injuries and or was involuntary coerced from the P.m unit.

77. Paulcin is suing each defendant in their official and individual capacity.

78. Each defendant is being sued under the color of state law.

79. At all material times, Each defendant was acting under the color of state law.

61.

80. Paulew has suffered physical and permanent disfigurement, physical pain and suffering, mental and emotional distress, multiple suicide attempts, damage professional and personal reputation, fear of imminent death, as a direct and proximate result of each defendants unconstitutional actions.

6j.

# =STATEMENTS OF CLAIMS=

under 42 U.S.C. § 1983 for cruel and unusual punishment, retaliation, conspiracy to retaliate, and inflict harm & violate Donley's rights

82. First Amendment violation under U.S. const.

83. Defendant Chum, Huggins, Olds, and Ethridge is being sued ~~either~~ ~~in~~ ~~their~~ for retaliation against Donley for exercise of his first Amendment right

84. ~~Eigth~~ Eight Amendment violation under U.S. const.

85. Defendants Huggins, Chum, Olds, and Ethridge is being sued for cruel and unusual punishment towards Donley and violating his rights

86. Fourteenth Amendment violation under U.S. const.

87. Defendants Huggins, Chums, Olds, and Ethridge is being sued for conspiracy to violate and retaliate against Donley's rights.

17.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

81. Plaintiff, Prophet Pavlow, reavers and realleges from Paragraphs 1-80 all facts as if fully set forth herein And states as follows. Defendants, chunn, Huggins, olds, And Ethridge is being sued in their individual/ official capacity for violation of pavlow rights

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

88. Pavlow seeks a jury trial on all issues so triable
89. Compensatory, punitive, nominal, declaratory, And injunctive relief against all named defendants
90. Pavlow seeks an injunction against defendants

= Relief Requested =

to cease and desist their illegal actions
against Pawlow

91. Pawlow seeks a permanent injunction and
restraining order against all named defendants

92. Pawlow seeks an order for defendants to
provide the necessary constitutional protection

93. Pawlow seeks to all HAVE all bogus D.R's
written against him by defendants ~~being~~
overturned and or expunged from his prison
record.

94. Pawlow request for appointment of counsel
in this case

95. Pawlow seeks any other relief deemed proper,
just, and equitable

7a

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a*
*court of the United States that was dismissed on the grounds that it is*
*frivolous, malicious, or fails to state a claim upon which relief may be*
*granted, unless the prisoner is under imminent danger of serious physical*
*injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate

  court, dismissed as frivolous, as malicious, for failure to state a

  claim, or prior to service?

  ☑ YES   ☐ NO

  If "Yes," identify the case number, date of dismissal, and court for

  each case:

  1. Date:_____Case #: _____

     Court: _____

     Reason: _____

  2. Date:_____Case #: _____

     Court: _____

     Reason: _____

  3. Date:_____Case #: _____

     Court: _____

     Reason: _____

A. Abdulah admits to having over three strikes And CAN only proceed under imminent danger exception or paying the filing fee.

Abdulah avers he does not have All of his legal papers in his possession And FDOC has lost his legal papers over the years

9a

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in **state or federal court** dealing

with the same facts or issue involved in this case?

☒ YES ☐ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #: _3:23cv24711/ac1208_ Parties: _Ricky Dixon et al._

Court: _North Dist_____ Judge: _Zachary C. Bolitho_

Date Filed: _Nov. 2023_ Dismissal Date (*if not pending*): _Pending_

Reason: _Eight Amendment_

2. Case #: _2022-CA-2031_ Parties: _FDOC V Prophet Pontian_

_2nd Judin Leon county_

Court: _State_____ Judge: _John C. Cooper_

Date Filed: _2022_____ Dismissal Date (*if not pending*): _granted_

Reason: _(_

*(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

**state or federal court** either challenging your conviction or relating to

the conditions of your confinement?.

☒ YES ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

C. Have you filed any other lawsuit --- etc
Response: Pawlin has filed other lawsuits
challenging his conviction or relating to the
conditions of confinement, but does not have
all of his legal papers to list each case. Due to
FDOC loosing his legal documents over the years,
Pawlin does not waive his right to supplement or
amend section C if this court so desires and
if necessary.

10.

1.  Case #:_____Parties: _____

    Court:_____Judge: _____

    Date Filed:_____Dismissal Date (*if not pending*): _____

    Reason: _____

2.  Case #:_____Parties: _____

    Court:_____Judge: _____

    Date Filed:_____Dismissal Date (*if not pending*): _____

    Reason: _____

3.  Case #:_____Parties: _____

    Court:_____Judge: _____

    Date Filed:_____Dismissal Date (*if not pending*): _____

    Reason: _____

4.  Case #:_____Parties: _____

    Court:_____Judge: _____

    Date Filed:_____Dismissal Date (*if not pending*): _____

    Reason: _____

5.  Case #:_____Parties: _____

    Court:_____Judge: _____

    Date Filed:_____Dismissal Date (*if not pending*): _____

    Reason: _____

6. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

***(Attach additional pages as necessary to list all cases.)***

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3.  I understand it is my obligation to timely notify the Clerk's Office if there
    is any change to my mailing address and that my failure to do so may result
    in a dismissal of the action.

Date: _02-15-24_ Plaintiff's Signature: _____

Printed Name of Plaintiff: _Prophet Paulch_

Correctional Institution: _Apalachee C.I. East Unit_

Address: _35 Apalachee Drive_
_Sneads, FL 32460_

**I certify and declare, under penalty of perjury, that this complaint was
(*check one*) ☐ delivered to prison officials for mailing or ☐ deposited in
the prison's mail system for mailing on the _15th_ day of _Feb_ , 20_24_.**

Signature of Incarcerated Plaintiff: _____

MR. PROPHET PAULCIN DC#W11537
APAlAchee C.I. EAst unit
35 APAlAchee DR,
Sneads, FL 32460

MAILED FROM A STATE CORRECTIONAL INSTITUTION



US POSTAGE PITNEY BOWES
ZIP 32460
02 4W
0000366590 FEB 16 2024
$ 002.35

R UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
111 NORTH ADAMS Street, Suite 322
TAllAhassee ,FL 32301-7717

CHECKED FEB 2 2 2024

LegAl MAil