# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**PROPHET PAULCIN,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:22cv313-MW-MAF**

**SGT. J. CHUNN,**
**and SGT. V. HUGGINS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case in late August 2022. ECF No. 1. It took a considerable length of time for Plaintiff to file a viable complaint, and during that time three Report and Recommendations were entered for failure to prosecute and judgment was entered at one point, but all were subsequently vacated. *See* ECF Nos. 12, 16, 30-32, 34-35, 49, 58-59. At this point, the operative pleading is Plaintiff's fourth amended complaint, ECF No. 60, filed on February 22, 2024.

Service efforts began in early April 2024, *see* ECF No. 63, and after even more delay - including three motions for an extension of time, ECF

Nos. 73-74 - Defendants filed a motion to dismiss Plaintiff's fourth amended complaint, ECF No. 60, on August 26, 2024. ECF No. 75. Plaintiff was advised of his obligation to respond to that motion, ECF No. 76, and his response was timely filed.[1] ECF No. 77.

**Procedural Notes**

At the time of case initiation, Plaintiff - a "three striker" - was housed at Dade Correctional Institution and filed a letter to the Court, ECF No. 1, asserting that he was in imminent danger. Pursuant to Court Orders, ECF Nos. 3 and 6, Plaintiff filed a first amended complaint, ECF No. 7, and a motion for in forma pauperis status, ECF No. 8. Plaintiff's motion, ECF No. 8, was granted pursuant to the "imminent danger" exception of 28 U.S.C. § 1915(g). ECF No. 10; *see also* ECF No. 11 at 2-4.

An additional issue is that Plaintiff ultimately filed his fourth amended complaint, ECF No. 60, on February 22, 2024; that is 543 days

---

[1] That Order stressed that this case has been pending for two years and the number of extensions of time provided have been extraordinary. ECF No. 76. Plaintiff was warned "of the <u>absolute necessity</u> of" meeting his deadline and not requesting more time. Indeed, for nearly every Order entered, Plaintiff filed a motion requesting an extension of time. ECF Nos. 4, 14, 22, 38, 41, 43, 46, 48, 50, 53, and 62. Plaintiff was warned then that the "practice **must not** continue." ECF No. 76. This Report and Recommendation again reminds both parties to expeditiously file objections to this Report and Recommendation and to pursue this litigation with due diligence. Any further requests for extensions of time will not be viewed favorably and will <u>not</u> be granted unless good cause is shown and truly extraordinary circumstances exist.

(approximately 1 year-and-a-half) after case initiation. Such a lengthy delay undercuts Plaintiff's assertions of "imminent danger." Whether Plaintiff is currently in imminent danger is not at issue, and Defendants have not challenged Plaintiff's claims that he was in imminent danger at the time the case was filed.

Plaintiff's fourth amended complaint [hereinafter "complaint"] named two Defendants on the title page - Chunn and Huggins - but Plaintiff included the named of Lt. Olds as a third Defendant in Section I of the complaint form, although Plaintiff inconsistently referred to this person as "Lt. Olds" and infrequently as "Defendant Olds." *See. e.g.,* ECF No. 60 at 6, 7. The claims against Lt. Olds are based on a "conspiracy" theory[2] which is not an appropriate basis for a claim. *See Id.* at 10. Plaintiff's claims against Olds are also conclusory. For example, Plaintiff alleged that

---

[2] The "intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc) (quoted in Grider v. City of Auburn, 618 F.3d 1240, 1261 (11th Cir. 2010)). The doctrine is also applicable to D.O.C. employees. *See* Claudio v. Crews, No. 5:13cv345-MP-EMT, 2014 WL 1758106, at *6 (N.D. Fla. May 1, 2014) (dismissing conspiracy claim brought in § 1983 action); *see also* Minnis v. Fink, No. 4:17cv168-RH-CAS, 2018 WL 3596065, at *5 (N.D. Fla. June 8, 2018), report and recommendation adopted, No. 4:17cv168-RH-CAS, 2018 WL 3596034 (N.D. Fla. July 26, 2018) (dismissing prisoner's § 1983 conspiracy claim "as barred by the intercorporate conspiracy doctrine").

Defendant Huggins acted "with knowledge and consent of Lt. Olds," but Plaintiff did not support that conclusory assertion with factual allegations to show what Lt. Olds knew, or how he came to have any such knowledge. *See* ECF No. 60 at 6. Thus, for all these reasons and more,[3] Plaintiff's complaint was deemed to be limited to his claims against Defendants Chunn and Huggins. Plaintiff was instructed to submit two service copies of his complaint, ECF No. 61, and service was directed only on Defendants Chunn and Huggins. ECF No. 63. Plaintiff has not objected to that construction and the case has been proceeding solely against those two Defendants. *See* ECF No. 63.

Finally, Plaintiff also presented several allegations against a prison official named Ethridge, *see* ECF No. 60 at 8, but that person was not named as a Defendant on either the title page or in Section I of the complaint. Thus, this case is properly deemed to be brought against Defendants Chunn and Huggins only.

---

[3] Plaintiff was previously directed to omit his claims against Defendant Olds because his allegations were "insufficient to show that the Defendant violated Plaintiff's Eighth Amendment right to be incarcerated in safety." ECF No. 11 at 7.

**The Motion to Dismiss, ECF No. 75**

Defendants do not seek to dismiss this entire case; instead, they "assert that several of Plaintiff's claims are due to be dismissed . . . ." ECF No. 75 at 1. Defendants contend that Plaintiff failed to exhaust administrative remedies as to claims which "occurred after August 23, 2022," the date of case initiation. *Id.* at 3, 9. Additionally, to the extent Plaintiff sues Defendants in their official capacities, Defendants raise Eleventh Amendment immunity as a defense. *Id.* at 9-10. Further, Defendants argue that Plaintiff's complaint fails to state a claim under the Fourteenth Amendment and seek to dismiss his requests for injunctive relief and punitive damages. *Id.* at 10-20.

**Plaintiff's Response, ECF No. 77**

Plaintiff contends that Defendants' claim about exhaustion "is without merit." ECF No. 77 at 2. He also asserts that the Eleventh Amendment immunity argument "is without merit," but in doing so, Plaintiff improperly cites to a case concerning the separate doctrine of qualified immunity. *Id.* at 3. Plaintiff responds to the argument concerning his Fourteenth Amendment claim by stating that he was denied "due process into his disciplinary deprivation," and he suffered retaliation. *Id.* at 4. Finally,

Plaintiff argues that punitive damages can be awarded, that this Court "can issue injunctions," and should overturn his "bogus disciplinary reports that do not purport to the minimum requirements of *Wolff v. McDonnell*." *Id.* at 5.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955)[4] (stating "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). "A claim has facial plausibility when the

---

[4] Dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); *see also* Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney, *see* Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)), and must "be liberally construed." Erickson, 551 U.S. at 94, 127 S. Ct. at 2200. Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it

rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**A.    Exhaustion**

"Before a prisoner may bring a prison-conditions suit under § 1983, the Prison Litigation Reform Act of 1995 [PLRA] requires that he exhaust all available administrative remedies."  Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015) (citing 42 U.S.C. § 1997e(a) and Booth v. Churner, 532 U.S. 731, 736, 121 S. Ct. 1819, 1822, 149 L. Ed. 2d 958 (2001)).  The exhaustion requirement of § 1997e(a) is mandatory, Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998), and prison officials must be given "time and opportunity to address complaints internally before allowing the initiation of a federal case." Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1219 (11th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006)).  Exhaustion is also "treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)).  That means, it is a

preliminary consideration or "a precondition to an adjudication on the merits," and is not jurisdictional. Bryant, 530 F.3d at 1374.

The exhaustion statute mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The word "brought" is a derivative of the verb "bring," and the Eleventh Circuit has made clear that to "bring" an action "refers to the initiation of legal proceedings in a suit." Harris v. Garner, 216 F.3d 970, 973 (11th Cir. 2000). Accordingly, "determining whether exhaustion of administrative remedies has occurred is when the legal action is brought, because it is then that the exhaustion bar is to be applied." Pavao v. Sims, 679 F. App'x 819, 825 (11th Cir. 2017) (quoting Goebert v. Lee Cty., 510 F.3d 1312, 1324 (11th Cir. 2007)). Thus, efforts taken "to exhaust after filing" a complaint are not relevant and are not properly considered. Pavao, 679 F. App'x at 825. Therefore, Plaintiff's claims which are based on events that occurred after August 29, 2022, the date this case was initiated, cannot proceed in this case. The Court lacks discretion to waive the exhaustion requirement or provide continuances of

prisoner litigation in the event that a claim has not been exhausted prior to filing.  <u>Alexander</u>, 159 F.3d at 1325.

> Here, Plaintiff submitted multiple amended complaints and in those, he included events which occurred after this case was initiated.  For example, he included events which allegedly took place in December of 2022, concerning false charges.  ECF No. 60 at 11.  Those issues cannot proceed since Plaintiff could not have exhausted administrative remedies at the time this case was brought in August 2022.  He also made vague allegations of retaliation which took place between December 2022 and March of 2023.  *Id.* at 12.  Those claims are barred.  In addition, Plaintiff claimed that he was wrongfully discharged from protective management in March of 2023.  *Id.*  Plaintiff alleged that he was "found guilty of several bogus DRs," and was the victim of abuse in March of 2023 and thereafter when he was transferred after discharge from the protective management unit.  *Id.* at 12-14.  Because all of those events occurred after case initiation, even if Plaintiff filed grievances concerning them, they must be dismissed from this case because Plaintiff did not exhaust administrative remedies prior to initiating this case.  Plaintiff's argument that Defendant's

motion "is without merit" is rejected and the motion to dismiss should be granted as to this issue.

## B. Eleventh Amendment Immunity

Defendants also correctly argue that to the extent Plaintiff has sued them in their official capacities, they are entitled to Eleventh Amendment immunity. ECF No. 75 at 9-10. Plaintiff's complaint was inconsistent in clarifying the capacity in which Defendants are sued. For example, in Section II of the complaint form Plaintiff checked the box to show he was suing the Defendants in their individual capacities only. ECF No. 60 at 2-3. However, within the body of the complaint, Plaintiff said he was "suing each defendant in their official and individual capacity." *Id.* at 15, 18. He seeks "compensatory, punitive, nominal, declaratory, and injunctive relief against all named Defendants." *Id.* at 18.

Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 3107, 87 L. Ed. 2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action

against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107.

Thus, a suit under § 1983 against a state official sued in his or her official capacity is barred unless it meets one of three exceptions. The first two exceptions are through a waiver of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986). Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S.Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity"). In enacting § 1983, Congress did not abrogate a state's immunity, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979), nor did Florida waive its Eleventh Amendment

Page 13 of 20

sovereign immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

The third exception is through Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908).  In Ex parte Young, the Supreme Court clarified that "[b]ecause a state cannot authorize an official to do something that violates the Constitution, a state official who enforces an unconstitutional action is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.'"  Schultz v. Alabama, 42 F.4th 1298, 1314 (11th Cir. 2022) explaining Ex parte Young).  "Thus, a federal court has authority, under the Constitution, to grant 'prospective injunctive relief to prevent a continuing violation of federal law."  Schultz, 42 F.4th at 1314 (quoting Green v. Mansour, 474 U.S. 64, 68, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985)).  The problem for Plaintiff in this case is that he has not alleged any continuing actions by the Defendants and Plaintiff is no longer housed at Wakulla Correctional Institution where Defendants are employed.  Therefore, Plaintiff's requests for monetary damages and injunctive relief from the Defendants in their official capacities are barred by the Eleventh

Amendment. The motion to dismiss should be granted and the official capacity claims dismissed.[5]

## C. Fourteenth Amendment claims

Defendants contend that Plaintiff's Fourteenth Amendment claims are insufficient and should be dismissed for failure to state a claim. ECF No. 75 at 10-11. For example, Defendants point out that "Plaintiff does not describe any due process or equal protection violation in this case." *Id.* at 11. In response, Plaintiff says that his Fourteenth Amendment claim is that he was denied due process during his disciplinary proceedings. ECF No. 77 at 4.

In Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), the United States Supreme Court established certain procedures which must be included in prison disciplinary proceedings to meet the standards of the Due Process Clause. Wolff, 418 U.S. at 556, 94 S.Ct. at 2975. Prisoners must receive (1) advance written notice of the charges against them; (2) an opportunity to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and

---

[5] As noted by Defendants, Plaintiff's requests for damages is not barred, should Plaintiff be able to prove that Defendants - acting in their individual capacities - violated his constitutional rights and caused him harm. *See* ECF No. 75 at 10, n.2.

correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-67, 94 S. Ct. at 2978-80. The problem for Plaintiff is that he did not specifically allege suffering any due process violations during the events which are properly included in this case; that is, events which transpired prior to August 2022 and were exhausted. Therefore, Defendant's motion to dismiss the Fourteenth Amendment claim should be granted. Doing so moots Defendants' argument that Plaintiff's request for equitable relief (overturning the disciplinary reports) should be dismissed. *See* ECF No. 75 at 12.

D.  **Injunctive Relief**

Defendants also seek to dismiss Plaintiff's requests for injunctive relief. ECF No. 75 at 11-12. The basis for this argument is that Plaintiff's requests for relief are improper because he wants nothing more than an Order requiring the parties to "follow the law." *Id.* at 11. Plaintiff responded to the motion to dismiss only by pointing out that a district court has power to enter injunctions. ECF No. 77 at 4.

Plaintiff's complaint sought "an injunction against Defendants to cease and desist their illegal actions against Paulcin." ECF No. 60 at 18-

19, ¶90. He also requested "an order for defendants to provide the necessary constitutional protection." *Id.* at 19, ¶92. As Defendants correctly argue, those are requests to make Defendants obey the law or comply with what the Constitution already requires. Courts cannot simply issue a general injunction which bars officials from violating the law or, stated in the reverse, compels officials to comply with the law. *See* SEC v. Smyth, 420 F.3d 1225, 1233, n.14 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable"); Burton v. City of Belle Glade, 178 F.3d 1175, 1200 (11th Cir. 1999) (holding that an injunction which "would do no more than instruct the City to 'obey the law,'" was invalid); Payne v. Travenol Lab., Inc., 565 F.2d 895, 898 (11th Cir. 1978) ("'[O]bey the law' injunctions cannot be sustained"). Plaintiff's requests are not enforceable and should be dismissed.

Plaintiff also requested "a permanent injunction and restraining order against all named defendants." *Id.* at 19. That request is too vague to be granted. "An injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law." S.E.C., 420 F.3d at 1233, n.14. The only other request for injunctive relief was to "have all bogus DRs

written against him by Defendants overturned and or expunged from his prison record." ECF No. 60 at 19. That request for relief cannot be granted because it is only relevant to the Fourteenth Amendment due process claim, and that claim should be dismissed because it was not exhausted prior to case initiation.

**E.    Punitive Damages**

Finally, Defendants contend that Plaintiff's request for punitive damages is "statutorily barred." ECF No. 75 at 12. That argument is based in 18 U.S.C. § 3626(a)(1)(A) which provides: "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." The statute defines "prospective relief" as "all relief other than compensatory monetary damages." 18 U.S.C. 3626(g)(7). According to Defendants, "punitive damages are never necessary to correct a violation of a Federal right." ECF No. 75 at 13.

The Eleventh Circuit "decline[d] the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it [fell] outside the scope of the en banc briefing question posed to the parties." Hoever v. Marks, 993 F.3d 1353, 1364, n.5

(11th Cir. 2021) (holding "that § 1997e(e) permits claims for punitive damages without a physical injury requirement").  This Court should decline the Defendants' invitation to address the issue of punitive damages at this time.  The issue of punitive damages is premature until liability is established.  Numerous cases have "reached the same conclusion in" resolving motions to dismiss.  Wright v. Ramos, No. 3:23cv15676-LAC-ZCB, 2024 WL 1558782, at *2 (N.D. Fla. Feb. 8, 2024), report and recommendation adopted, No. 3:23cv15676-LAC-ZCB, 2024 WL 1556361 (N.D. Fla. Apr. 10, 2024); Watson v. Harris, No. 1:23cv41-AW-ZCB, 2023 WL 9058715, at *2 (N.D. Fla. Dec. 8, 2023) adopted by 2024 WL 23160 (denying motion to dismiss as to punitive damages claim); Baker v. Rathel, No. 1:23cv3-AW-MJF, 2023 WL 7496224, at *4-5 (N.D. Fla. Oct. 5, 2023) adopted by 2023 WL 7497491 (same).  Therefore, it is recommended that Defendants' motion to dismiss Plaintiff's request for punitive damages be denied without prejudice.  See Watson, 2024 WL 23160, at *1 (N.D. Fla. Jan. 2, 2024) (agreeing "that the issue need not be resolved now").

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's fourth amended complaint, ECF No. 75, be **GRANTED in part**

**and DENIED in part.** All claims which are based on events which occurred after August 23, 2022, should be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e); Plaintiff's Fourteenth Amendment claim should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2); Plaintiff's requests for injunctive relief should be dismissed, as well as all claims brought against Defendants in their official capacities. The motion to dismiss should be denied as to the request to dismiss Plaintiff's request for punitive damages. It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings as to Plaintiff's First and Eighth Amendment claims, and Defendants required to file an answer within 14 days of the date an Order is entered adopting this Report and Recommendation.

  **IN CHAMBERS** at Tallahassee, Florida, on January 24, 2025.


         S/   Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.